## JNO. BEAMISH v. THE STATE.

CRIMINAL LAW. *Juror. Exemption from such service. When.* Where the Legislature, in a charter to a fire company, has exempted its members from service as jurors during their connection with the company, and afterwards exempt all members who had served five years, it is held that such members are exempt from serving on juries though the fire company be disbanded, and this exemption will continue until revoked by the Legislature, which may be done, it not being a contract.

Case cited: McCallie v. City of Chattanooga, 3 Head.

### FROM SHELBY.

Appeal from the Circuit Court. C. W. HEISKELL, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

J. M. GREGORY for plaintiff.

FREEMAN, J., delivered the opinion of the court.

The only question in this case is, whether plaintiff in error is exempt from serving on juries by reason of his being or having been a member of the Mechanic's Fire Company of Memphis, No. 4, and had been in the active service of said company more than five years. The company was incorporated February, 1852. By sec. 2 of the act it was provided that said company shall not consist of more than one hundred members, and that the members shall not be compelled to serve on juries, or perform military service in time of peace.

This section simply exempts from the services specified during the time of membership, and contemplates the exemption in consideration of services being rendered to the public, and during the period in which said company was doing and performing the purposes and duties of its organization. As soon as it ceased to perform the functions of a fire company, the advantages or exemptions conferred for the performance of the duties of the organization ceased. March 24, 1860, an amendment was passed by the Legislature to said charter as follows: Be it enacted that the charter of the Mechanic's Fire Company of Memphis, No. 4, be so amended that members, after five years active service, shall be exempted from serving as jurors. The language of this act, as an amend-

ment, taken in connection with the previous clause cited, which exempted during membership and active performance of duty by the organization, must be construed as conferring some additional benefit from what the members already possessed, and means, that a member of the organization, after having served five years, whether he continued a member of the organization or not, shall be exempted from performance of the public duty of serving on juries.

It appears in the agreed case that the party had served more than five years in the company before the amendment to the charter, and that the company was disbanded after the 24th March, 1860, on account of the adoption of steam fire engines in the city of Memphis in the year 1860, at what time does not appear.

This being so, we can see no ground in anything presented by the State from which we can declare the exemption inoperative. It is a mere privilege conferred after the rendition of the service. It is not a contract, however, and may be revoked by the Legislature at any time by repeal, see *McCallie* v. *City of Chattanooga*, 3 Head., but until so revoked it must be a protection to the party from such service. The fact that the company has been disbanded, it does not seem to us, has any effect on the exemption claimed under the amendment. We may well suspect that this act of amendment was procured to be passed in anticipation of the fact that the company was to be disbanded by introduction of the steam engine, but we have no knowledge how the facts are, and if we did

know it would not probably enable us to declare the exemption inoperative.

Reverse the judgment, and enter judgment in accordance with this opinion.